**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. VEGA, | CASE NO. 1:10-cv-00018-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| JAMES A. YATES, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Jose A. Vega is a state prisoner proceeding pro se in this civil rights action, which was removed from Fresno County Superior Court on January 5, 2010, by Defendant J. Yates and F. Igbinosa. 28 U.S.C. § 1441(b). The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949. Plaintiff must set forth facts sufficient to support a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff contracted Valley Fever following his transfer to Pleasant Valley State Prison (PVSP) in Coalinga. Plaintiff claims that because he has Valley Fever, he is now ineligible to transfer out of PVSP even though at-risk inmates should be transferred.[1] Plaintiff further alleges that he was prescribed Diflucan for more than ninety days even though it is contraindicated beyond that period of time, and he suffered from a weakened immune system and pneumonia as a result. Plaintiff alleges claims for relief arising from his transfer to an area where Valley Fever is endemic and resulting exposure to the disease, and from the failure to transfer him to a safer prison out of the endemic area.

    **B.     Eighth Amendment Claim**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). Whether Plaintiff is claiming that the presence or prevalence of Valley Fever at PVSP constituted a danger to his health, that his medical needs were disregarded, or both, he must allege facts sufficient to support a claim that the named defendants knew of and

---

[1] Following the initiation of this suit, Plaintiff was transferred to the California Correctional Institution in Tehachapi.

1  disregarded a substantial risk of serious harm to his health or safety.  E.g., Farmer v. Brennan, 511
2  U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v.
3  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.
4  2004).

5  Further, under section 1983 Plaintiff must demonstrate that each named defendant personally
6  participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County,
7  Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th
8  Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Defendant Yates is the warden
9  at PVSP and Defendant Igbinosa is the Chief Medical Office at PVSP, and liability may not be
10 imposed against them based on the theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948-49;
11 Ewing, 588 F.3d at 1235.  Defendants may only be held liable if they "participated in or directed the
12 violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d
13 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir.
14 Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County
15 School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189,
16 1204 (9th Cir. 1997).

17 There are no facts supporting a claim that being housed at PVSP, in and of itself, constitutes
18 a substantial risk of harm to inmates, and Plaintiff's complaint is devoid of any facts suggesting that
19 Defendants Yates and Igbinosa knowingly disregarded a substantial risk of harm to Plaintiff's health.
20 While Plaintiff asserts that his medical condition warranted his transfer, Plaintiff does not identify
21 any specific medical condition and his exhibits demonstrate that there are clinical criteria used to
22 identify which inmates cannot be housed in a hyper-endemic area, but Plaintiff did not meet any of
23 the criteria.  Further, the bare fact that Plaintiff developed Valley Fever does not support a claim.
24 The Court finds that Plaintiff fails to state a claim against Defendants for violation of the Eighth
25 Amendment.

26 **C.  Claim of Public Entity Liability for Dangerous Condition of Property**

27 Plaintiff alleges a claim for violation of California Civil Code section 845 and California
28 Government Code section 830.  Plaintiff likely means section 835 of the Government Code, because

section 845 governs easements, maintenance, agreements, and snow removal, and section 830 sets forth only definitions. Section 835 provides that a public entity is liable for injury caused by a dangerous condition of its property. However, Plaintiff's claim for violation of section 835 is precluded by California Government Code section 844.6, which grants immunity to public entities for injuries to prisoners.

### D. Violation of Title 15 Regulations

Finally, Plaintiff appears to be basing a claim on the violations of sections 3350 through 3354 of Title 15 of the California Code of Regulations. The violation of state prison regulations is not redressable under section 1983, and the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations. See Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    March 3, 2011**                    /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE